IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

JOSEPH LOUIS DEMORUELLE and ) CIVIL 16-00562 LEK-KSC
SANDRA LEE DEMORUELLE, )
                                )
          Plaintiffs,           )
                                )
     vs.                        )
                                )
DEPARTMENT OF VETERANS          )
AFFAIRS,                        )
                                )
          Defendant.            )
_____ )

**ORDER: (1) GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; AND
(2) GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

On December 14, 2016, pro se Plaintiffs Joseph Louis Demoruelle and Sandra Lee Demoruelle ("Plaintiffs") filed a Motion for Summary Judgment ("Plaintiffs' Motion"). [Dkt. no. 14.] On January 24, 2017, Defendant Department of Veterans Affairs ("the VA") filed a Cross-Motion for Summary Judgment ("the VA's Motion"). [Dkt. no. 33.] Plaintiffs filed a joint memorandum in opposition to the VA's Motion and reply in support of Plaintiffs' Motion on January 30, 2017 ("Plaintiffs' Joint Memorandum"), and the VA filed a reply on February 10, 2017. [Dkt. nos. 36, 38.] The Court finds these matters suitable for disposition without a hearing pursuant to Local Rule LR7.2(d). In an Entering Order filed on March 29, 2017 ("3/29/17 EO"), the Court granted the VA's Motion and granted in part and denied in part Plaintiff's Motion. [Dkt. no. 40.] The instant Order

supersedes the 3/29/17 EO.  The VA's Motion is granted and
Plaintiff's Motion is granted in part and denied in part for the
reasons set forth below.

<strong><u>BACKGROUND</u></strong>

Plaintiffs filed their Amended Complaint for
Declaratory, Injunctive and Monetary Relief ("Amended Complaint")
on November 16, 2016.  [Dkt. no. 10.]  Plaintiffs bring the
Amended Complaint pursuant to the Privacy Act of 1974 ("Privacy
Act"), 5 U.S.C. § 552a, and the Freedom of Information Act
("FOIA"), 5 U.S.C. § 552.  [Amended Complaint at ¶¶ 3, 8.]
Plaintiffs state that, "[t]hroughout 2016, [they] have been
seeking to review and amend errors in Personally Identifiable
Information ("PII") that [the VA] has obtained through Plaintiff
Joseph Louis Demoruelle's submissions of Beneficiary Travel
Reimbursement claim forms 10-3542." [Id. at ¶ 14.]  Plaintiffs
allege various violations of FOIA and the Privacy Act, including:
failure to maintain accurate and complete records, in violation
of the Privacy Act; [id. at ¶¶ 30-32;] failure to respond to
Privacy Act and FOIA requests; [id. at ¶¶ 33-36;] failure to
provide a tracking number for responses to FOIA and Privacy Act
requests; [id. at ¶¶ 37-38;] improper withholding of agency
records; [id. at ¶¶ 39-40;] failure to provide non-exempt agency
records within FOIA's time constraints; [id. at ¶¶ 41-42;] "an
impermissible pattern or practice of improper withholding of

2

agency records"; [id. at ¶¶ 43-44;] and intentional or willful withholding of agency records [id. at ¶¶ 45-46]. Plaintiffs seek, *inter alia*: an order requiring the VA to disclose all requested, non-exempt information; an order enjoining the VA from withholding documents in the future; an order enjoining the VA from ending its "pattern and practice of no agency response or delayed response"; "focused discovery on pattern and practice of arbitrary and capricious behavior"; damages under the Privacy Act; costs and attorneys' fees; and "other such relief as the Court may deem just and proper." [Id., Prayer for Relief ¶¶ 50(a)-(i).]

## DISCUSSION

The instant case is one in a series of cases Plaintiffs have filed challenging the VA's actions, including a case that also challenged the VA's response to FOIA and Privacy Act requests. See Demoruelle v. Dep't of Veterans Affairs ("VA"), CV 15-00246 LEK-KSC. Plaintiffs are proceeding pro se, and the Court must liberally construe their pleadings. See, e.g., Pregana v. CitiMortgage, Inc., Civil No. 14-00226 DKW-KSC, 2015 WL 1966671, at *2 (D. Hawai`i Apr. 30, 2015) ("The Court liberally construes the [plaintiffs'] filings because they are proceeding pro se." (citing Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987))).

## I.  Defendant's Summary Judgment Motion

The VA seeks summary judgment on all of Plaintiffs' claims because, although sometimes outside of the time period designated by statute, the VA has complied with all of Plaintiffs' requests for information.  [The VA's Motion at 2.] The Amended Complaint notes a number of requests to the VA for information, and the way that these requests are related is sometimes hard to understand.  The VA, however, explains that Plaintiffs made ten requests under the Privacy Act and/or FOIA. [Joint Mem. in Opp. to Plaintiffs' Motion and in Supp. of the VA's Motion ("The VA's Joint Mem.") at 1-2.]  Plaintiffs do not dispute this description of their claims.  The Court will consider each of Plaintiffs' requests in turn.

### A.  FOIA Requests

The Ninth Circuit has explained that "[t]he FOIA's 'core purpose' is to inform citizens about 'what their government is up to.'"  Yonemoto v. Dep't of Veterans Affairs, 686 F.3d 681, 687 (9th Cir. 2011) (quoting Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773, 109 S. Ct. 1468, 103 L. Ed. 2d 774 (1989)), overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin., 836 F.3d 987 (9th Cir. 2016) (en banc) (per curiam).

> Under the FOIA, a plaintiff's ability to obtain relief "is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'"  Kissinger v. Reporters

4

Comm. for Freedom of the Press, 445 U.S. 136, 150,
100 S. Ct. 960, 63 L. Ed. 2d 267 (1980) (quoting
5 U.S.C. § 552(a)(4)(B)). A federal court can
provide a remedy pursuant to the FOIA only "if the
agency has contravened all three components of
this obligation." Id.; see also Spurlock v. FBI,
69 F.3d 1010, 1015 (9th Cir. 1995).

As with other types of civil cases, a suit
under the FOIA can be rendered moot by events
subsequent to its filing. The remedy requested
here is one typical in a FOIA action: that the
court "enjoin the agency from withholding agency
records and . . . order the production of any
agency records improperly withheld from the
complainant." 5 U.S.C. § 552(a)(4)(B). As we
have previously observed, "the production of all
nonexempt material, 'however belatedly,' moots
FOIA claims." Papa [v. United States], 281 F.3d
[1004,] 1013 [(9th Cir. 2002)] (quoting Perry v.
Block, 684 F.2d 121, 125 (D.C. Cir. 1982)). . . .

Id. at 689 (some alterations in Yonemoto).

Plaintiffs submitted eight FOIA requests. See The VA's

Concise Statement of Facts ("the VA's CSOF"), filed 1/24/17 (dkt.

no. 35), Decl. of Allison Tanaka ("Tanaka Decl."),[1] Exh. A1

("10/26/15 FOIA Request"); id., Exh. C1 ("6/8/16 FOIA/Privacy Act

Request"); id., Exh. D1 ("7/26/16 FOIA Request"); id., Exh. E1

("7/27/16 FOIA/Privacy Act Request"); id., Exh. F1 ("8/14/16

FOIA/Privacy Act Request"); id., Exh. G1 ("8/14/16 FOIA Request

A"); id., Exh. H1 ("8/14/16 FOIA Request B"); id., Exh. I1

("8/19/16 FOIA/Privacy Act Request"). The VA submits that it

"has conducted a search reasonably calculated to uncover all

---

[1] Allison Tanaka is the Privacy Act and FOIA Officer at
Veterans Affairs Pacific Islands Health Care System ("VAPIHCS").
[Tanaka Decl. at ¶ 1.]

relevant documents and has completed its FOIA obligations with regard to those requests." [The VA's Joint Mem. at 19.] Plaintiffs do not dispute this. <u>See</u> Pltfs.' Concise Statement of Facts in Opp. to the VA's Motion ("Pltfs.' CSOF in Opp."), filed 1/30/17 (dkt. no. 37), at 2 ("As Plaintiffs informed VA Counsel when the motion for enlarged pleading consent was requested, they willingly stipulate they have received, or do not dispute that VAPIHCS has done a reasonable search, for all FOIA requests."). Because Plaintiffs do not challenge the adequacy of the VA's search with regard to their FOIA claims, the Court finds that there is no question of material fact and concludes that the VA is entitled to judgment as a matter of law. <u>See</u> Fed. R. Civ. P. 56(b) ("The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

**B.    Privacy Act Requests**

Three types of Privacy Act claims are relevant to instant matter.  First,

> [a]ccuracy claims arise under two different
> provisions of the Act.  The first requires an
> agency to "maintain all records which are used by
> the agency in making any determination about any
> individual with such accuracy, relevance,
> timeliness, and completeness as is reasonably
> necessary to assure fairness to the individual in
> the determination." <u>See</u> 5 U.S.C. § 552a(e)(5).
> The second mandates that "prior to disseminating
> any record about an individual to any person other
> than an agency . . . [it must] make reasonable
> efforts to assure that such records are accurate,

6

complete, timely, and relevant for agency purposes." Id. § 552a(e)(6). Congress has provided for civil remedies for violation of these provisions. See id. § 552a(g)(1)(C) (creating a cause of action when an agency "fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual"); id. § 552a(g)(1)(D) (creating a cause of action where an agency "fails to comply with any other provision of this section . . . in such a way as to have an adverse effect on an individual"). If a court determines that an agency has violated these provisions in a manner that was "intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of actual damages sustained by the individual." Id. § 552a(g)(4).

Rouse v. U.S. Dep't of State, 567 F.3d 408, 413-14 (9th Cir. 2009) (some alterations in Rouse).

Second, § 552a(d)(1) concerns access to records:

Access claims, on the other hand, arise under a different provision, id. § 552a(d)(1) (requiring that agencies provide an individual "access to his record" "upon request"), and can likewise be enforced via civil action, id. § 552a(g)(1)(B) (creating a cause of action when an agency "refuses to comply with an individual request under subsection (d)(1)").

Id. at 414.

Finally, for purposes of the summary judgment motions considered here, § 552a(d) also requires an agency to:

**(2)** permit the individual to request amendment of a record pertaining to him and –

7

**(A)**  not later than 10 days (excluding Saturdays, Sundays, and legal public holidays) after the date of receipt of such request, acknowledge in writing such receipt; and

**(B)**  promptly, either –

**(i)**  make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or

**(ii)** inform the individual of its refusal to amend the record in accordance with his request, the reason for the refusal, the procedures established by the agency for the individual to request a review of that refusal by the head of the agency or an officer designated by the head of the agency, and the name and business address of that official;

**(3)**  permit the individual who disagrees with the refusal of the agency to amend his record to request a review of such refusal, and not later than 30 days (excluding Saturdays, Sundays, and legal public holidays) from the date on which the individual requests such review, complete such review and make a final determination unless, for good cause shown, the head of the agency extends such 30-day period; and if, after his review, the reviewing official also refuses to amend the record in accordance with the request, permit the individual to file with the agency a concise statement setting forth the reasons for his disagreement with the refusal of the agency, and notify the individual of the provisions for judicial review of the reviewing official's determination under subsection (g)(1)(A) of this section[.]

The remedies available under the Privacy Act differ depending on whether a party files a claim based on access or accuracy. With regard to accuracy violations, § 552a(g)(4) provides:

> In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of –
>
> **(A)** actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
>
> **(B)** the costs of the action together with reasonable attorney fees as determined by the court.

Section 552a(g)(3) states the remedies available for a violation of § 552a(d)(1):

> **(A)** . . . [T]he court may enjoin the agency from withholding the records and order the production to the complainant of any agency records improperly withheld from him. In such a case the court shall determine the matter de novo, and may examine the contents of any agency records in camera to determine whether the records or any portion thereof may be withheld under any of the exemptions set forth in subsection (k)[2] of this section, and the burden is on the agency to

---

[2] Section 552a(k)(1)-(7) allows agencies to exempt certain systems of records if they have to do with, *inter alia*: law enforcement investigations; protection of the President of the United States; background checks related to Federal employment or contracts; and promotions for members of the armed services. No listed exemption pertains to the types of records at issue in the instant matter.

sustain its action.

> **(B)** The court may assess against the United
> States reasonable attorney fees and other
> litigation costs reasonably incurred in any case
> under this paragraph in which the complainant has
> substantially prevailed.

Finally, in response to a suit against an agency for failing to

comply with § 552a(d)(3), § 552(g) explains:

> **(2)(A)** . . . [T]he court may order the agency
> to amend the individual's record in accordance
> with his request or in such other way as the court
> may direct. In such a case the court shall
> determine the matter de novo.
>
> **(B)** The court may assess against the United
> States reasonable attorney fees and other
> litigation costs reasonably incurred in any case
> under this paragraph in which the complainant has
> substantially prevailed.

In addition to the 6/8/16 FOIA/Privacy Act Request,

7/27/16 FOIA/Privacy Act Request, 8/14/16 FOIA/Privacy Act

Request, and 8/19/16 FOIA/Privacy Act Request, Plaintiffs

submitted two additional Privacy Act requests. See Tanaka Decl.,

Exhs. B1 & B2 (3/8/16 Privacy Act request, revised in the 3/25/16

Privacy Act request ("3/25/16 Privacy Act Request")); id.,

Exh. J1 ("10/19/16 Privacy Act Request").

In response to the VA's Motion, Plaintiffs challenge

only: the VA's assertion that this Court does not have

jurisdiction over Plaintiffs' accuracy claims; [Pltfs.' Joint

Mem. at 3-4;] and the VA's response to the 6/8/16 FOIA/Privacy

Act Request and the 7/27/16 FOIA/Privacy Act Request [Pltfs.'

CSOF in Opp. at 3-4].[3]  The Court therefore concludes that

Plaintiff does not challenge the VA's argument that they have

sufficiently responded to the 8/19/16 FOIA/Privacy Act Request,

3/25/16 Privacy Act Request, and 10/19/16 Privacy Act Request.

See Local Rule LR56.1(g) ("For purposes of a motion for summary

judgment, material facts set forth in the moving party's concise

statement will be deemed admitted unless controverted by a

separate concise statement of the opposing party.").

### 1.   **Plaintiffs' Accuracy Claims**

Plaintiffs allege that the VA did not maintain

Mr. Demoruelle's records "with accuracy, timeliness and

completeness and Plaintiffs have had to resort to litigation

. . . to locate and correct gross factual errors in existing

[records]."  [Amended Complaint at ¶ 31.]  The VA argues that

"the Court lacks jurisdiction to consider this claim, and the VA

is entitled to summary judgment on Plaintiffs' Privacy Act

accuracy claims for damages."  [The VA's Joint Mem. at 7.]

Plaintiffs state that they are not challenging the VA's benefits

determination, but that the VA's failure to make a decision

"means it was not maintained with accuracy."  [Defs.' Joint Mem.

at 4.]  In an order ruling on, *inter alia*, the parties motions

for summary judgment in VA, filed on September 30, 2016, the

Court explained:

---

[3] The 8/14/16 FOIA/Privacy Act Request is discussed *infra*.

The Ninth Circuit held that, under the
accuracy provisions of the Privacy Act: "an
individual must show 1) that the government failed
to fulfill its record keeping obligation, 2) which
failure proximately caused the adverse
determination, 3) that the agency failed
intentionally or wilfully to maintain the records,
and 4) that the plaintiff suffered actual
damages." Rouse, 567 F.3d at 417 (citations and
internal quotation marks omitted). An accuracy
violation claim in this case would therefore
require the Court's consideration of the VA's
decisions on Plaintiff's beneficiary travel
reimbursement requests. The Court has already
concluded that beneficiary travel reimbursements
are a benefit for purposes of the VA's
regulations, and, pursuant to 38 U.S.C. § 511(a)
and Veterans for Common Sense v. Shinseki ("VCS"),
678 F.3d 1013 (9th Cir. 2012), the Court does not
have jurisdiction over claims that seek review of
the VA's benefit decisions. Demoruelle v.
Pfeffer, Civil No. 14-00547 LEK-BMK, 2015 WL
3463496, at *2-3 (D. Hawai`i May 29, 2015). The
Court therefore FINDS that Plaintiff is only
entitled to the relief provided in § 552a(g)(2)
[and] § 552a(g)(3).

CIVIL 15-00246 LEK-KSC, dkt. no. 104 at 15-16 (footnote omitted).

In addition, VCS held, "[t]his preclusion extends not only to

cases where adjudicating veterans' claims requires the district

court to determine whether the VA acted properly in handling a

veteran's request for benefits, but also to those decision that

may affect such cases." 678 F.3d at 1025 (citations omitted).

Here, it is clear that consideration of Plaintiffs' access claims

may affect the VA's determination of Plaintiffs' beneficiary

travel reimbursement requests. Accordingly, Plaintiffs' accuracy

claims must be dismissed.

## 2. **Plaintiffs' Access Claims**

### i. **The 6/8/16 FOIA/Privacy Act Request and the 7/27/16 FOIA/Privacy Act Request**

The VA sent Plaintiffs a number of responses to the 6/8/16 FOIA/Privacy Act Request, including one on July 18, 2016 ("7/18/16 Response to 6/8/16 FOIA/Privacy Act Request"), and one on January 13, 2017 ("1/13/17 Response to 6/8/16 FOIA/Privacy Act Request"). See Tanaka Decl., Exh. C2 (7/18/16 Response to 6/8/16 FOIA/Privacy Act Request); id., Exh. C5 (1/13/17 Response to 6/8/16 FOIA/Privacy Act Request). The VA also sent multiple responses to the 7/27/16 FOIA/Privacy Act Request, including one on October 14, 2016 ("10/14/16 Response to 7/27/16 FOIA/Privacy Act Request"), October 17, 2016 ("10/17/16 Response to 7/27/16 FOIA/Privacy Act Request"), October 24, 2016 ("10/24/16 Response to 7/27/16 FOIA/Privacy Act Request"), and January 13, 2017 ("1/13/17 Response to 7/27/16 FOIA/Privacy Act Request"). See id., Exh. E2 (10/14/16 Response to 7/27/16 FOIA/Privacy Act Request); id., Exh. E3 (10/17/16 Response to 7/27/16 FOIA/Privacy Act Request); id., Exh. E4 (10/24/16 Response to 7/27/16 FOIA/Privacy Act Request); id., E5 (1/13/17 Response to 7/27/16 FOIA/Privacy Act Request).

Plaintiffs challenge the VA's response to the 6/8/16 FOIA/Privacy Act Request, in which they requested: "(a) the date-stamped 10-3542 forms submitted by Joseph Demoruelle from March 9, 2016 to June 8, 2016 and (b) the 70-3542d payment forms

13

prepared by the PIHCS Certifying Official for the same period that are contained within the [VA system of records]." [6/8/16 FOIA/Privacy Act Request (emphasis omitted).] In response to the request, the VA sent Plaintiffs the 7/18/16 Response to the 6/18/16 FOIA/Privacy Act Request; Plaintiffs appealed the response in part; the VA Office of General Counsel remanded the 6/8/16 FOIA/Privacy Act Request and directed the VA to keep a better record of their search; and the VA responded again with the 1/13/17 Response to the 6/8/16 FOIA/Privacy Act Request. [Tanaka Decl. at ¶¶ 19-22.] While the VA found many documents, "[t]he search resulted in no records responsive to the request for the Curtis Holley correspondence." [Id. at ¶ 23.]

The 7/27/16 FOIA/Privacy Act Requests sought fourteen 70-3542d forms related to beneficiary travel reimbursement requests. [7/27/16 FOIA/Privacy Act Request.] Plaintiffs assert that four documents that they requested were not located. See Pltfs.' CSOF in Opp. at 4. The VA explains the search that they conducted for three of the documents, and also that one of the requests was duplicative of the 1/13/17 Response to the 6/8/16 FOIA/Privacy Act Request. See Tanaka Decl. at ¶¶ 30, 34, 43 (describing the searches conducted that resulted in the "no records" responses sent to Plaintiffs); id. at ¶ 38 (explaining the duplicative request).

14

In right of access cases, the government need not
show that it produced every responsive document,
but only that "the **search** for those documents was
**adequate**." Zemansky v. Env't Prot. Agency, 767
F.2d 569, 571 (9th Cir. 1985) (emphasis in
original) (quoting Weisberg v. Dep't of Justice,
745 F.2d 1476, 1485 (D.C. Cir. 1984)). The search
need only be reasonable, and the government may
demonstrate that it undertook an adequate search
by producing "reasonably detailed, nonconclusory
affidavits submitted in good faith." Id.

Lane v. Dep't of Interior, 523 F.3d 1128, 1139 (9th Cir. 2008)

(footnote omitted).[4] Further, as the Court explained in VA,

> To make this showing, an agency may
> submit affidavits or declarations that
> explain in reasonable detail the scope
> and method of the agency's search.
> Perry v. Block, 684 F.2d 121, 126 (D.C.
> Cir. 1982). The agency's affidavits or
> declarations need not "set forth with
> meticulous documentation the details of
> an epic search for the requested
> records," Perry, 684 F.2d at 127, but
> they must describe "what records were
> searched, by whom, and through what
> processes," Steinberg v. Dep't of
> Justice, 23 F.3d 548, 552 (D.C. Cir.
> 1994).

> Case v. U.S. Dep't of Justice, No. CV-12-0500-JTR,
> 2013 WL 6587918, at *3 (E.D. Wash. Dec. 13, 2013).
> "Agency Affidavits are accorded a presumption of
> good faith and cannot be rebutted by 'purely
> speculative claims about the existence and
> discoverability of other documents.'" Muir v.
> United States, No. CIV 95-1791 PHX SLV, 1999 WL
> 256232, at *2 (D. Ariz. Mar. 9, 1999) (quoting
> Safecard Services, Inc. v. Securities and Exchange

---

[4] The Ninth Circuit explained, "Zemansky discussed the
search burden in a FOIA case, but the same standard applies to
Privacy Act cases." Lane, 523 F.3d at 1139, n.9 (citing Hill v.
U.S. Air Force, 795 F.2d 1067, 1069 n.4 (D.C. Cir. 1986) (per
curiam)).

commission, 926 F.2d 1197, 1200 (D.C. Cir. 1991)).
CIVIL 15-00246 LEK-KSC, dkt. no. 104 at 24-25.[5] Plaintiffs
submit that the search was insufficient because the documents
actually exist. <u>See</u> Pltfs.' CSOF in Opp. at 4; <u>id.</u>, Exh. 11
(documents that Plaintiffs represent they requested from the VA,
but did not receive). Plaintiffs argument is immaterial to
whether or not the VA's search was adequate. The VA provides a
detailed explanation of the records that it searched, the VA
employee(s) who performed the search, and the process that it
used for the search. <u>See</u> Tanaka Decl. at ¶¶ 23, 30, 34, 38, 43.
This explanation is sufficient for purposes of the Privacy Act,
and the Court finds that the VA has satisfied the 6/8/16
FOIA/Privacy Act Request and the 7/27/16 FOIA/Privacy Act
Request.[6]

### ii.  **The 8/14/16 FOIA/Privacy Act Request**

The 8/14/16 FOIA/Privacy Act Request sought three sets
of documents, including "the 1989 to 1997 medical disability
records with health care assessments and treatments under control
of the local Honolulu [Veterans Benefits Administration]"

---

[5] Both <u>Case</u> and <u>Muir</u> discuss the standard for a sufficient
search under FOIA.

[6] While not directly relevant to the Court's analysis of the
adequacy of the VA's search under the Privacy Act, the Court
questions why Plaintiffs are requesting documents that they
already have.

("Disability Records"). [8/14/16 FOIA/Privacy Act Request.]
Plaintiffs do not dispute that the two other sets of documents
were produced by the VA. [Pltfs.' CSOF in Opp. at 2.] In a
response sent to Plaintiffs on January 19, 2017 ("1/19/17
Response to the 8/14/16 FOIA/Privacy Act Request"), the VA's
Record Management Center Director explained that "[a]nyone may
submit a FOIA request for any type of record, but a [Privacy Act]
request may only be made by the individual retrieved by a
personal identifier" and that "[a]fter[] reviewing your request
for claims file or service treatment records retrieved by a
personal identifier (i.e. Social Security Number or name of
veteran) the request will be processed under the Privacy Act."
[Tanaka Decl., Exh. F3.] The VA argues that "[g]iven the type of
records sought (medical records from nearly 20 years ago), and
the fact that it had to be referred to the Records Management
Center in St. Louis, MO, the delay is not unreasonable, and the
VA should be permitted to respond in due course." [The VA's
Joint Mem. at 15-16.] Plaintiffs do not object to the VA's
representations in the 1/19/17 Response to the 8/14/16
FOIA/Privacy Act Request, and state that they "are willing to
wait for these requests and proceed with requesting the Court's
decision on the cross-motions for summary judgment on the rest of
their claims." [Pltfs.' CSOF in Opp. at 2-3.]

The VA correctly points out that the Privacy Act does not contain any deadlines for responding to a request. <u>See</u> The VA's Joint Mem. at 15 ("Because this request is being addressed under the Privacy Act only, there is no statutory time table for a response."); <u>see also</u> <u>Schulze v. F.B.I.</u>, No. 1:05-CV-0180 AWI GSA, 2010 WL 2902518, at *17 (E.D. Cal. July 22, 2010) ("While FOIA contains rather detailed time frames for agency response to requests for information and contains specific provisions that relieve agencies from specified time limits under certain circumstances, the Privacy Act contains no similar time-limit provisions." (citation omitted)). Moreover, it is clear that the VA has not responded to Plaintiffs' Disability Records request because they are still working on it. An access claim

> is not without conditions. Most importantly, a plaintiff must exhaust his administrative remedies before bringing such a claim. <u>See</u> 5 U.S.C. § 552a(d)(1)-(3); <u>id.</u> § 552a(g)(1)(A)-(B); <u>Haase v. Sessions</u>, 893 F.2d 370, 373 (D.C. Cir. 1990). To properly exhaust administrative remedies, a plaintiff must submit a Privacy Act request to the agency and seek review within the agency under the agency's regulations. <u>See</u> 5 U.S.C. § 552a(e)-(f) (requiring covered agencies to establish regulations governing such requests); <u>Thorn v. Social Sec. Admin</u>, Civil Action No. 04-1282, 2005 WL 1398605, at *3 (D.D.C. June 11, 2005). Premature Privacy Act suits are dismissed for lack of subject matter jurisdiction. <u>See</u> <u>Dickson v. Office of Pers. Mgmt.</u>, 828 F.2d 32, 40-41 (D.C. Dir. 1987).

<u>Mulhern v. Gates</u>, 525 F. Supp. 2d 174, 183 (D.D.C. 2007) (some

citations omitted).[7]

It is clear to the Court that Plaintiffs have not exhausted their administrative remedies with regard to their request for the Disability Records. As such, this claim must be dismissed. See, e.g, Pistor v. Garcia, 791 F.3d 1104, 1111 (9th Cir. 2015) ("Under that general rule, when a federal court lacks subject-matter jurisdiction, the court must dismiss the complaint, sua sponte if necessary." (alteration, citation, and internal quotation marks omitted)). The Court has determined that all of Plaintiffs' Privacy Act claims have been satisfied or must be dismissed. Accordingly, the Court finds that there is no question of material fact and the VA is entitled to judgment as a matter of law.

**C.    Summary**

The Court has concluded that the VA has satisfied all of Plaintiff's Privacy Act and FOIA requests over which it has jurisdiction. As such, there is no further relief available to Plaintiff. See Rouse, 567 F.3d at 414 n.4 ("With respect to suits for access violations [under the Privacy Act], . . . [w]hen

---

[7] In addition, the Ninth Circuit has refused to consider whether a district court properly dismissed a Privacy Act claim for failure to exhaust because "even in the absence of an explicit exhaustion requirement, a district court may in its discretion require such exhaustion." Buckley v. Schaul, 135 F. App'x 960, 960 (9th Cir. 2005) (citing Southeast Alaska Conservation Council, Inc. v. Watson, 697 F.2d 1305, 1309 (9th Cir. 1983)).

a party . . . has already received a copy of the requested records, we cannot afford him any further relief." (citations omitted)); <u>Yonemoto</u>, 686 F.3d at 689 ("[O]nce the defendant agency has fully complied with the FOIA's production mandate, the plaintiff is no longer suffering or threatened with 'an actual injury traceable to the defendant' that is 'likely to be redressed by a favorable judicial decision.'" (some citations omitted) (quoting <u>Spencer v. Kemna</u>, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998))); <u>see also</u> <u>Sterrett v. Dep't of the Navy</u>, No. 09-CV-2083-IEG (POR), 2010 WL 330086, at *2 (S.D. Cal. Jan. 20, 2010) ("Federal courts have routinely held that an action for production of documents pursuant to the FOIA or the Privacy Act becomes moot once the requested documents have been produced, regardless of when they are produced." (some citations omitted) (citing <u>Papa v. United States</u>, 281 F.3d 1004, 1013 (9th Cir. 2002))). The VA's Motion is therefore granted.

## II. <u>Plaintiff's Summary Judgment Motion</u>

Plaintiffs have again had to go to great to lengths obtain documents related to Mr. Demoruelle's medical treatment and conditions. The VA's inability to provide Plaintiffs will a timely response is troubling, to say the least. However, albeit belatedly, the VA has satisfied all of its obligations under the relevant statutes. Because the Court has determined that Plaintiffs are not entitled to any further relief under FOIA or

the Privacy Act, Plaintiffs' Motion is moot.  The VA concedes

that, "[s]ince the VA had not complied with FOIA or the Privacy

Act at the time that Plaintiff initiated this law suit [sic] (or

indeed by the time the Amended Complaint was filed), Plaintiff is

entitled to recover the costs of litigation." [The VA's Joint

Mem. at 28.]  Thus, "the VA does not oppose an order from the

Court granting Plaintiff costs pursuant to Fed. R. Civ. P. 54 and

Local Rule 54.2." [Id.]  The Court agrees.  Plaintiffs also seek

attorneys' fees.  See Amended Complaint, Prayer for Relief

¶ 50(h).  It is well-established that "a *pro se* litigant who is

not a lawyer is not entitled to attorney's fees." Kay v. Ehrler,

499 U.S. 432, 435 (1991) (emphasis and footnote omitted).

Plaintiff's Motion is therefore granted in part and denied in

part.  It is granted insofar as Plaintiff is entitled to

litigation costs.  It is denied insofar as Plaintiff seeks any

other relief from the Court.  Plaintiff must submit a Bill of

Costs within fourteen days of entry of judgment in this case.

See Local Rule LR54.2(b).

## CONCLUSION

On the basis of the foregoing, pro se Plaintiffs

Joseph Louis Demoruelle and Sandra Lee Demoruelle's Motion for

Summary Judgment, filed on December 14, 2016, is HEREBY GRANTED

IN PART AND DENIED IN PART.  In addition, Defendant Department of

Veterans Affairs' Cross-Motion for Summary Judgment, filed on

January 24, 2017, is HEREBY GRANTED.  There being no remaining

claims in this case, the Court DIRECTS the Clerk's Office to

enter final judgment and close this case on **July 21, 2017,** unless

Plaintiff files a motion for reconsideration of this Order by

**July 17, 2017.**

   IT IS SO ORDERED.

   DATED AT HONOLULU, HAWAII, June 30, 2017.



       /s/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

**JOSEPH LOIS DEMORUELLE, ET AL. VS. DEPARTMENT OF VETERANS
AFFAIRS; CIVIL 16-00562 LEK-KSC; ORDER: (1) GRANTING IN PART AND
DENYING IN PART PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT; AND (2)
GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**